UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JENNIFER SANTOS, individually,

    Plaintiff,

v.

VISION FINANCIAL COLLECTION
SERVICES, CORP., a New York corporation,    **JURY DEMAND**

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff JENNIFER SANTOS alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Defendant VISION FINANCIAL COLLECTION SERVICES, CORP.  Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff JENNIFER SANTOS is a natural person and a citizen of the State of Florida, residing in Miami-Dade County, Florida. Said Plaintiff is the owner, user, and possessor of the cellular telephone that Defendant was calling.

6. Defendant VISION FINANCIAL COLLECTION SERVICES, CORP. ("Vision Financial") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 5301 E State St Lower Level, Rockford, IL 61108.

7. Defendant regularly collects or attempts to collect consumer debts for other persons.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. The Plaintiff previously incurred a debt to Comenity Bank.

10. The aforementioned debt was the result of transactions for personal purposes, to wit: credit for personal purchases at a retail clothing store.

11. Comenity Bank engaged Defendant Vision Financial to attempt to collect the aforementioned debt allegedly owed by Plaintiff.

12. Defendant subsequently discovered the Plaintiff's cellular telephone number, and began placing automated collection calls to her.

13. Whenever Defendant placed such a call to Plaintiff, Plaintiff's caller-ID indicated that the call was coming from a local "305" area code, despite the fact that Defendant is not located in Florida.

14. This indicates that Defendant engaged in caller-ID "spoofing," a practice where a caller disguises his or her own telephone number as a different number when making an outbound call.

15. Upon answering any of Defendant's calls, the Plaintiff was invariably met by a noticeable period of "dead air" followed by a mechanical "chirp" as the Defendant's telephone system attempted to connect her to a live employee.

16. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 F.C.C.R. 14014, 14091-92 (2003).

17. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

18. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

### COUNT I
### VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates paragraphs 1 through 18 herein.

20. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an

3

automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff JENNIFER SANTOS, requests that the Court enter judgment in favor of Plaintiff and against Defendant VISION FINANCIAL COLLECTION SERVICES, CORP.. for:

a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

e. litigation expenses and costs of the instant suit; and

f. such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 5th day of August, 2015.

        BRET L. LUSSKIN, Esq.
        *Attorney for Plaintiff*
        20803 Biscayne Blvd., Ste 302
        Aventura, Florida 33180
        Telephone: (954) 454-5841
        Facsimile: (954) 454-5844
        blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
     Bret L. Lusskin, Esq.
     Florida Bar No. 28069